IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **RAYMOND T. DUNFORD** | * | |
| Plaintiff, | * | |
| v. | * | Case No. BPG-10-0124 |
| **MICHAEL J. ASTRUE** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties. (ECF Nos. 5, 7.) On November 10, 2011, the court issued a Memorandum and Order ("Memorandum") (ECF Nos. 30, 31) denying plaintiff's Motion for Summary Judgment and granting defendant's Motion for Summary Judgment. Plaintiff has filed a Motion to Reconsider pursuant to Local Rule 105.10. (ECF No. 33.) Defendant has filed a response. (ECF No. 34.) No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed herein, Plaintiff's Motion to Reconsider (ECF No. 33) is DENIED.

As a preliminary matter, it should be noted that this court's Local Rules permit the filing of a motion for reconsideration within fourteen days of the issuance of the order that is the subject of the motion. Loc. R. 105.10. There are three recognized grounds justifying the grant of a motion for reconsideration: (1) an intervening change in controlling law; (2) the need to present newly discovered evidence; and (3) the need to correct manifest errors of law. Potter v. Potter, 199 F.R.D. 550, 552 n.1, 553 (D. Md. 2001) (collecting cases). "'Such problems, [however], rarely arise and the motion to reconsider should be equally rare.'" Id. at 553 (quoting

<u>Above the Belt, Inc. v. Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)). It is improper to use such a motion to "ask the Court to rethink what the Court has already thought through – rightly or wrongly.'" <u>Id.</u>

The issue raised in Plaintiff's Motion to Reconsider relates to whether there is substantial evidence to support the ALJ's conclusion that plaintiff's impairments did not meet or equal Listing 1.02 (Major Dysfunction of a Joint or Joints). 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02. The court found that substantial evidence supported the ALJ's conclusion that plaintiff did not exhibit an "inability to ambulate effectively" (as defined in 1.00(B)(2)(b)) and, accordingly, did not meet the requirements of Listing 1.02.

Plaintiff offers three arguments in support of his Motion to Reconsider. First, plaintiff claims that the court failed to consider Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 29) because the court "made no mention of plaintiff's response" in its Memorandum. (ECF No. 33 at 1.) Although the court only made note of the cross-motions for summary judgment in its Memorandum, the undersigned notes that Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 29) was fully reviewed and considered prior to the issuance of its Memorandum. Accordingly, reconsideration of the court's decision is not warranted on this ground.

Plaintiff's second argument in support of his Motion to Reconsider is that the court erroneously concluded that substantial evidence supported the ALJ's finding that plaintiff did not meet Listing 1.02 (Major Dysfunction of a Joint or Joints). (ECF No. 33 at 2.) Defendant responds that the court "properly concluded that substantial evidence supported the ALJ's analysis of Listing 1.02," even if the court "misinterpreted the regulations" in its discussion of

them. (ECF No. 34 at 3-6.) Plaintiff's first point of error is that the court, in reaching its conclusion, failed to properly examine his "listing argument" because he "never argued that all of the examples encompassed in the definition of ineffective ambulation should have been considered by the ALJ," but rather stated that the ALJ focused "on only one example of the inability to ambulate effectively," the use of an assistive device, and failed to acknowledge the other examples that plaintiff provided. (Id. at 3 (citing ECF No. 15-2 at 21-22).) Second, plaintiff asserts that the court made an erroneous statement when it discussed the meaning of Listing 1.02:

> [I]t was not reversible error for the ALJ not to cite all of the examples encompassed in the definition of ineffective ambulation, because, once the ALJ found plaintiff's testimony was inconsistent with one of the examples, he necessarily could not meet the criterion of ineffective ambulation, and therefore could not meet the Listing.

(ECF No. 33 at 2-4 (citing ECF No. 30 at 8-9).) Plaintiff claims that this statement is incorrect because, as discussed above, he "never argued that all of the examples encompassed in the definition of ineffective ambulation should have been considered by the ALJ." (ECF No. 33 at 3.) Plaintiff also argues that the statement erroneously "suggests that when one single isolated piece of testimony by the Plaintiff created an inconsistency with one of the examples of 'ineffective ambulation,' that inconsistency would in turn establish that the criterion for 'inability to ambulate effectively' was not met." (Id. at 3.) Plaintiff asserts that he offered subjective evidence and objective medical evidence that proved that he had extreme limitations in his ability to walk. (Id.) Accordingly, plaintiff maintains that the ALJ, and the court, erroneously relied solely on the plaintiff's lack of use of an assistive device in concluding that plaintiff did not suffer from an inability to ambulate effectively. (Id. at 5.)

The court acknowledges that its discussion of Listing 1.02 was not well articulated. (ECF No. 30 at 8-9.)  The examples of "ineffective ambulation" provided in the Social Security Regulations are illustrative, not exhaustive.  See 20 C.F.R. Pt. 404, subt. P, app. 1., § 1.00(B)(2)(b)(2).  It is well settled, however, that "[f]or a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria."  Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  In that regard, the court considered whether substantial evidence supported the ALJ's conclusion that plaintiff did not meet all of the requirements of Listing 1.02, and concluded that it did.

Although neither the ALJ, nor the court, specifically discussed each of plaintiff's examples as to his inability to walk,[1] the ALJ, in essence, rejected the subjective evidence and the objective evidence offered by plaintiff.  As noted below, the ALJ found both that plaintiff's subjective "allegations [were] inconsistent throughout the record and not supported by the limited medical evidence" presented in the case and that some of the medical evidence relied on by plaintiff should be rejected.  (R. at 14-15.)  Specifically, the ALJ found that plaintiff's "statements concerning the intensity, persistence, and limiting effects of [plaintiff's] symptoms [were] not credible" to the extent that they were inconsistent with the RFC assessment.  (R. at 14.)  The ALJ declined to afford "great weight" to the conclusion of consultative physician Dr. Mohammad H. Zamani, M.D. ("Dr. Zamani") that plaintiff was "unable to do any gainful employment," and that his lower extremities were "almost paralyzed."  (R. at 15.)  Specifically,

---

[1] The ALJ observed, and the court noted in its Memorandum, that plaintiff testified that he did not require the use of an assistive device for walking and that no device had been prescribed.  (R. at 12, ECF No. 30 at 7.)  The court also observed, however, that plaintiff's testimony about his daily activities, such as independently shopping for groceries and carrying them to his apartment from his car, was inconsistent with additional examples of ineffective

4

the ALJ noted that (1) Dr. Zamani failed to provide specific functional limitations to explain why plaintiff would be unable to do sedentary work, and (2) his conclusions were "inconsistent with plaintiff's testimony that he drives … friends to and from work each day."  (R. at 15.)  The ALJ also adequately explained her decision to afford "some weight" to the opinion of consultative physician Dr. Ajit Kurup, M.D. ("Dr. Kurup"), whose examination of plaintiff showed that plaintiff "walked with a limp and a slow, waddling, 'severely antalgic' gait, but did not use an assistive device."  (R. at 14.)  In sum, the record does not reveal any evidence which the ALJ credited to support the conclusion that the plaintiff was unable to ambulate effectively.  The evidence supporting that conclusion, plaintiff's testimony and the opinions of Dr. Zamani and Dr. Kurup, was not accepted by the ALJ.  There is substantial evidence supporting the ALJ's conclusion.  Accordingly, reconsideration of the court's decision is not warranted on this ground.

Plaintiff's last claim is that the court erred when it stated that "[t]he ALJ adequately supported her conclusion that plaintiff did not suffer from an inability to ambulate effectively … by citing such evidence in the record. For example, the ALJ noted plaintiff's testimony that he does not use an assistive device for walking."  (ECF No. 33 at 5 (citing ECF No. 30 at 7).)  Plaintiff argues that "the ALJ only cited one piece of evidence to conclude that [p]laintiff did not suffer from an inability to ambulate effectively," but "the language 'For example' suggests there were other examples provided."  (ECF No. 33 at 5.)  Plaintiff also asserts that the cases cited by the court to support its conclusion were not instructive because here, unlike the cited cases, "the ALJ never referenced [p]laintiff's ability to complete daily activities as a basis to dismiss his ability to ambulate effectively."  (ECF No. 33 at 5-6.)

---

ambulation provided in the Listing.  (ECF No. 30 at 9 n.3.)

Where the evidence of record clearly generates an issue as to a particular listed impairment, and the ALJ does not identify that listing and explain his conclusion concerning whether plaintiff meets the listing's criteria, a remand can be expected. Schoofield v. Barnhart, 220 F. Supp. 2d 512, 522 (D. Md. 2002). A remand is not warranted, however, "where it is clear from the record which listing … [was] considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to the Step Three analysis which allows this Court readily to determine whether there was substantial evidence to support the ALJ's Step Three conclusion." Id. As discussed above, at Step Three of her analysis, the ALJ observed that plaintiff did not require the use of an assistive device for walking and that no device had been prescribed. (R. at 12.) While the ALJ did not expressly discuss plaintiff's ability to complete daily activities in this part of her opinion, the ALJ discussed this evidence at Step Four of her analysis when she noted that plaintiff "prepares his own meals, does laundry, cleans, drives, and shops" and that, despite his claimed limitations, plaintiff "testified that he drives eight or nine friends to and from work every day." (R. at 13.) Although the court's use of the phrase "for example" was admittedly inartful, the court finds, upon a review of the entire record, that it properly found that the ALJ's conclusion that plaintiff did not suffer from an inability to ambulate effectively was supported by substantial evidence. Accordingly, reconsideration of the court's decision is not warranted on this ground.

In sum, plaintiff has failed to demonstrate that any of the circumstances warranting the grant of a motion for reconsideration exist.  See Potter, 199 F.R.D. at 552 n.1.  Accordingly, for the foregoing reasons, it is HEREBY ORDERED this     3rd     day of February, 2012, that plaintiff's Motion to Reconsider (ECF No. 33) is DENIED.

                                                                                       /s/
                                                                         Beth P. Gesner
                                                                         United States Magistrate Judge